UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| FATU MASALLIE, | Case No. 19-CV-2549-NEB-KMM |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| US BANK, | |
| Defendant. | |

Plaintiff Fatu Masallie alleges that US Bank wrongfully deducted funds from her account and then characterized her as a fraud. [ECF No. 1]. Ms. Masallie did not pay the filing fee for this matter, but instead applied for *in forma pauperis* ("IFP") status. [ECF No. 2]. That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

After review of that IFP application, this Court concludes it is unclear whether Ms. Masallie qualifies financially for IFP status because the contents of her IFP application are incomplete. Nevertheless, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service.").

In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

In the Complaint, Ms. Masallie alleges:

> I closed my account when I observed that I had missing funds. This was not the first time I had missing funds in my account. When US Bank realized this error, they send me a letter of apology and refunded me some of my funds. Later date, they started to write letters to me saying that it was fraud. I would like this department to intervene as I am very confused.

[ECF No. 1 at 3-4]. Ms. Masallie's complaint does not explain what her legal claim is, if any, and she does not say anything about why her case belongs in federal court. In her request for relief she says, "please intervene for defamation of character as I have been charged for a fraud that I did not commit." [ECF No. 1 at 5]. Ms. Masallie appended bank statements and correspondence to her complaint, but it is not clear from those documents what has transpired. On the civil cover sheet she mentions the Credit Card Accountability Act, but there is no obvious provision of that statute, Public Law 111-24, that applies to

her situation. The complaint simply does not contain a viable claim for relief. It is therefore recommended that this matter be dismissed without prejudice pursuant to § 1915(e)(2)(B)(ii).

NOW, THEREFORE, It is –

RECOMMENDED:

1. That the case be hereby DISMISSED without prejudice for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

2. That Fatu Masallie's application to proceed *in forma pauperis* [ECF No. 2] be DENIED as MOOT in light of the dismissal of this action.

Date: October 11, 2019

*s/Katherine Menendez*
Katherine Menendez
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).